**WO**	SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Aubrey Gayle Padgett, | ) No. CV 07-1979-PHX-MHM (MEA) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph M. Arpaio, et al., | ) |
| Defendants. | ) |

Plaintiff Aubrey Gayle Padgett, who was then-confined in the Towers Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which was dismissed with leave to amend. (Doc.# 1, 4.)[1] Plaintiff has filed a First Amended Complaint. (Doc.# 9.) The Court will order Defendant Arpaio to answer Counts 1, II (in part), and III (in part) of the First Amended Complaint and will dismiss the remaining allegations and Defendant without prejudice.

**I.	Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

---

[1] "Doc.#" refers to the docket number of filings in this case.

**TERMPSREF**

28 U.S.C. § 1915A(b)(1), (2).

**II.     First Amended Complaint**

Plaintiff alleges three counts in his First Amended Complaint concerning his conditions of confinement and threats to his safety in administrative segregation/protective custody. Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio and Maricopa County. Plaintiff seeks compensatory and injunctive relief.

Plaintiff alleges the following facts: He was initially held at the Fourth Avenue Jail, but was beaten by two other inmates after those inmates examined Plaintiff's paperwork while he was out of his cell and learned that Plaintiff was willing, and desired, to assist police and narcotics detectives. After the assault, Plaintiff was moved to administrative segregation/protective custody. Plaintiff complains that administrative segregation is overcrowded, hot and unsanitary.

**IV.     Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege (1) that the conduct about which he complains was committed by a person acting under the color of state law and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.     Hart v. Hill**

In Count III, Plaintiff again seeks relief in part based on alleged violations of rulings in Hart v. Hill, No. CIV 77-0479-PHX-EHC (D. Ariz). (See doc.# 1 at 4.) Jurisdiction to enforce the judgment in Hart is retained by the court that entered it, Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004), and Plaintiff may not enforce the decree entered in Hart in a separate civil rights action, Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Moreover,

1 standing alone, remedial orders, such as that entered in Hart, cannot serve as a substantive
2 basis for a § 1983 claim for damages because such orders do not create "rights, privileges,
3 or immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24.  Rather,
4 remedial decrees are the means by which unconstitutional conditions are corrected.  Id. at
5 1123.  For these reasons, Plaintiff may not properly seek § 1983 relief to enforce Hart in this
6 action; instead, he must allege how particular federal constitutional or statutory rights have
7 been violated by the defendant.  To the extent that Plaintiff seeks relief based on violations
8 of Hart, he fails to state a claim.

**B.     Maricopa County**

Plaintiff sues Maricopa County.  A municipality is a "person" for purposes of § 1983; however, liability under § 1983 may be imposed against a municipality only if the plaintiff's constitutional injuries were the result of an official policy or custom of the municipality. Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978)); Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  In other words, a plaintiff must allege that action taken pursuant to official municipal policy of some nature violated his constitutional rights.  Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004).  Maricopa County may not be held liable for allegedly unconstitutional acts of an employee, unless its policy or custom caused the constitutional injury.  See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell, 436 U.S. at 694.  Accordingly, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless the plaintiff:  (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.  Sadoski v. Mosley, 435 F.3d 1071, 1079-80 (9th Cir.) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)), cert. denied, 126 S.Ct. 2864 (2006).

As with his Complaint, Plaintiff fails to allege that Maricopa County maintains a policy or custom pertinent to his alleged injury.  Plaintiff also fails to allege how such policy

1 or custom caused his injury.  Accordingly, Maricopa County will be dismissed.

### C. Counts I (in part) and II (in part)

Plaintiff alleges unconstitutional conditions of confinement in each count.  Portions of his claims, however, will be dismissed as conclusory.

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause of the Fourteenth Amendment while a convicted inmate's claims for unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and unusual punishment.  Bell v. Wolfish, 441 U.S. 520 (1979).  Nevertheless, the same standards are applied.  See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Jailors "have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  To state a claim for unconstitutional conditions, however, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition.  Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978).  In addition, to state a claim, a plaintiff must also allege facts supporting that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety.  Farmer, 511 U.S. at 834.  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Allegations of overcrowding, alone, are insufficient to state a claim.  See Rhodes v. Chapman, 452 U.S. 337, 348 (1981).  When, however, overcrowding causes an increase in violence or reduces the provision of other constitutionally required services, or reaches a level where the institution is no longer fit for human habitation, the inmate's right against

cruel and unusual punishment may be violated. See Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989); Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984).

In Count I (in part), Plaintiff alleges that conditions in administrative segregation were "squallid, wet, moldy, rusty" and that he was denied adequate food, shelter and clothing. (Doc.# 9 at 3.) In Count II (in part), he alleges a lack of adequate shelter sanitation. Plaintiff fails to set forth sufficient facts to state a claim as to these conditions. He merely makes conclusory assertions. For that reason, those portions of these counts will be dismissed.

### D. Count III (in part)

In Count III (in part), Plaintiff alleges that his equal protection rights were violated where he had to choose between confinement in protective segregation with its extreme heat and squalor or confinement in general population where his safety was at risk but the conditions were better. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; see City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). A state practice that interferes with a fundamental right or that discriminates against a suspect class of individuals is subject to strict scrutiny. Massachusetts Bd. of Ret. v. Murgia, 427 U.S. 307, 312 (1976); Hydrick v. Hunter, 466 F.3d 676, 700 (9th Cir. 2006). Absent allegations that he is a member of a suspect class, or that a fundamental right has been violated, a plaintiff must allege facts to support that he has been intentionally treated differently from others who are similarly situated without a reasonable basis therefor. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Conclusory allegations do not suffice. See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

Plaintiff has neither alleged facts to support interference with a fundamental right, nor membership in a suspect class. Inmates do not constitute suspect class. See Webber v. Crabtree, 158 F.3d 460, 460 (9th Cir. 1998). Plaintiff also fails to allege facts to support that he has been treated differently than similarly-situated individuals for intentional and arbitrary

1  treatment. For these reasons, Plaintiff fails to state a claim for violation of his Equal
2  Protection rights.

### IV. Claims for Which an Answer Will be Required

Plaintiff sufficiently states a claim against Defendant Arpaio for unconstitutional conditions based upon overcrowding and excessive heat in the Towers Jail. A response will be required to these allegations.

### VI. Warnings

#### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

#### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Portions of Counts I-III, described herein, and Defendant Maricopa County are **dismissed** without prejudice. (Doc.# 9.)

(2) Defendant Arpaio must answer the remainder of Counts I-III. (Doc.# 9.)

(3) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (doc.# 9), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service

for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 20th day of March, 2008.

_____
Mary H. Murgua
United States District Judge